Seegers, Admr. v. Railroad Co.

## NEGLIGENCE.

2 Dec.
578

[Hamilton County Circuit Court, March, 1895.

†SEEGERS, ADMINISTRATOR, v. THE O. & M. RAILROAD CO.

PROVINCE OF JURY IN DETERMINING NEGLIGENCE.

In an action against a railway company for personal injuries caused by the plaintiff being struck by a train of the company at one of its crossings, whether or not the plaintiff negligently approached the crossing is a question to be left to the jury.

HEARD on error to the superior court.

SWING, J.

We think that the court erred in taking the case from the jury and directing it to bring in a verdict for the defendant. The evidence clearly tends to show negligence on the part of the defendant as to rate of speed and failure to sound danger signals by whistle and ringing of bell; and the evidence does not, in our judgment, clearly show contributory negligence on the part of the plaintiff, and should have been submitted to the jury with proper instructions. If it could be assumed that the deceased stood on the O. & M. track while the train on said road traveled 600 feet of the track in the direction from which the train came, it might be that the contributory negligence might be found to exist. But the proof doesn't show that that was the position of the deceased. On the contrary, we think it shows that he arrived at the center of the track at the same time or about the same time as the train. Whether or not he negligently approached the crossing, we think, under the circumstances, was a question to be left to the jury. Did the train on the Big Four prevent his seeing the approaching train on the O. & M.? or did the willow tree prevent it? and if from his position he could not see the approaching train, was it that the train did not give any warning by whistle or bell, and was it running at an unlawful and dangerous rate of speed? We are unable to see why, under the well known rule laid down by the supreme court, such facts should not be first left to the jury.

The judgment will be reversed and the cause remanded for further proceedings.

*Thomas L. Michie* and *John W. Wolfe*, for Plaintiff in Error.

*Ramsey, Maxwell & Ramsey* and *Harmon, Colston, Goldsmith & Hoadly*, for the Railroad company.